**FREEMAN MATHIS & GARY, LLP**
Joshua Ferguson, Esquire
Nicholas J. Hubner, Esquire
ID Numbers: 93188; 322501
1600 Market Street
Suite 1210
Philadelphia, PA 19103
Phone (267) 279-8077
nicholas.hubner@fmglaw.com
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALL SEASONS PROPERTY MAINTENANCE, LLC | CASE NO: 2:22-cv-1063 |
| Plaintiff, | |
| v. | |
| ACC INTERNATIONAL, LLC | |
| Defendant. | |

## CIVIL ACTION COMPLAINT

Plaintiff, All Seasons Property Maintenance, LLC, by and through its attorneys, Freeman Mathis & Gary, LLP, hereby files this complaint, and avers as follows:

1

## THE PARTIES

1. Plaintiff, All Seasons Property Maintenance, LLC ("All Seasons") is a New Jersey commercial property maintenance limited liability company, with its principal place of business located at 151 Brooklyn Road, Stanhope, New Jersey.

2. Defendant, ACC International, LLC (hereinafter "ACC"), is a Pennsylvania limited liability company, with its principal place of business located at 200 N. Furnace Street, Birdsboro, Pennsylvania, 19508.

3. The members of ACC are Pennsylvania citizens, Tim Avram and Simona Avram.

## JURISDICTION

4. Jurisdiction in this matter is based upon 28 U.S.C. §1332 as the matter in controversy exceeds $75,000.00, exclusive of interests and costs, and is between entities organized under the laws of, and reside in, different states.

5. ACC's members are individuals named Tim Avram and Simona Avram (husband and wife), who reside in, and are citizens of, Pennsylvania.

6. ACC is a citizen of Pennsylvania.

7. Additionally, jurisdiction in this matter is based upon contract.

## VENUE

8. Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) as defendant(s) reside in this judicial district.

## FACTS UNDERLYING CLAIMS

9. Defendant, ACC, entered into a snow and ice removal contract with Plaintiff, All Seasons. *See* a true and correct copy of the redacted contract, attached hereto as Exhibit A; (hereinafter, the "Contract"). The Contract is filed as a redacted document due to its confidentiality.

10. This claim arises out of or is related to the Contract or to a breach of the Contract. In the alternative, this claim is based in principles of equity.

11. Pursuant to the Contract, the parties agreed the rights and duties of the parties shall be governed by the laws of the Commonwealth of Pennsylvania. *See* Exhibit A at ¶ 30.

12. Pursuant to the Contract, Defendant agreed and was required to make payments on a monthly basis after receipt of the invoice(s) from Plaintiff, All Seasons. *See* Exhibit A.

13. Plaintiff, All Seasons, provided snow and ice removal services at multiple properties pursuant to the Contract during the 2021-2022 season, and performed all material obligations under the Contract.

14. Plaintiff, All Seasons, submitted invoices to Defendant pursuant to the Contract for all work completed. *See* a true and correct copy of each outstanding invoice, collectively attached hereto as Exhibit B.

15. To date, Defendant has failed or otherwise refused to pay for snow and ice

removal services provided during the 2021-2022 contractual term, despite agreeing to do so under the Contract.

16. As a result of Defendant's failure to pay for services provided by Plaintiff, All Seasons, between 2021-2022, the total amount owed for snow and ice removal services is $85,558.00. *See* Exhibits A and B.

17. To date, Defendant has failed or otherwise refused to pay Plaintiff, All Seasons, for any snow removal services as represented by the Contract and the invoices, for a total of $85,558.00, exclusive of interest, attorney's fees, lost income, and costs which remain due and owing to Plaintiff, All Seasons. *See* Exhibit A and B.

18. At all relevant times to this action, there is a remaining balance of $85,558.00 that has not been paid, which includes the outstanding invoices owed by the Defendant.

19. As a result of Defendant's failure to pay for services provided by All Seasons, the total amount for the services outstanding is currently $85,558.00.

## COUNT ONE- BREACH OF CONTRACT

20. Plaintiff incorporates by reference its averments in the preceding paragraphs as though fully set forth at length herein.

21. ACC entered into a written agreement with All Seasons, for All Seasons to perform snow and ice removal services, and for ACC to pay All Seasons for said

services. *See* Ex. A.

22. The written agreement is a valid and enforceable contract.

23. All Seasons has performed every material obligation to ACC under the terms of the Contract.

24. All Seasons has invoiced and provided records of each service completed.

25. Despite demand, and in breach of the Contract, ACC has failed and/or refused to pay All Seasons all sums due and owing under the Contract, a total amounting to not less than $85,558.00.

26. Per the invoices, All Seasons is entitled to interest against any unpaid balance(s).

**WHEREFORE**, Plaintiff, All Seasons Property Maintenance, LLC, respectfully demands judgement in its favor and against Defendant, ACC International, LLC in the amount of $85,558.00, as well as interest, costs of suit, lost income, attorneys' fees and any and all other relief deemed appropriate and just by this Honorable Court.

### COUNT TWO – ACCOUNT STATED

27. All Seasons hereby incorporates all of the foregoing allegations as if set forth at length herein with respect to All Seasons.

28. ACC requested snow and ice removal services from All Seasons and agreed to pay All Seasons for all services rendered.

29. During the time of ACC's purchases of snow and ice removal services, All Seasons maintained an accurate and running account of all debts and timely provided copies of the same to ACC.

30. All Seasons performed its obligations under the agreements with ACC by performing snow and ice removal services requested by ACC.

31. All Seasons submitted written accounts to ACC accurately identifying all debts owed by ACC for its purchases of All Seasons' snow and ice removal services.

32. Those accounts total $85,558.00, plus interest, reasonable attorney's fees and costs.

33. ACC has not timely and/or properly disputed its obligations to pay any of the accounts within a reasonable time since their issuance.

34. Accordingly, ACC has promised to pay the accounts in the amount stated.

**WHEREFORE**, Plaintiff, All Seasons Property Maintenance, LLC, respectfully demands judgement in its favor and against Defendant, ACC International, LLC in the amount of $85,558.00, as well as interest, costs of suit, lost income, attorneys' fees and any and all other relief deemed appropriate and just by this Honorable Court.

## COUNT THREE – UNJUST ENRICHMENT

35. All Seasons hereby incorporates all of the foregoing allegations as if set forth at length herein.

36. At ACC's request, All Seasons conferred a benefit to ACC when All Seasons provided and ACC accepted snow and ice removal services.

37. The circumstances were such that ACC believed or reasonably should have believed that All Seasons expected ACC to pay for the services All Seasons provided.

38. All Seasons suffered a loss in the amount of $85,558.00 as a direct and proximate result of ACC's failure to pay $85,558.00 for the snow and ice removal services All Seasons rendered on behalf of ACC.

39. The circumstances are such that ACC's use of All Seasons' services without payment for the same make it inequitable for ACC to retain the benefit All Seasons bestowed on ACC without payment.

**WHEREFORE**, plaintiff, All Seasons Property Maintenance, LLC, respectfully demands that judgment be entered in its favor and against defendant, ACC International, LLC in the principal amount of $85,558.00 plus interest, reasonable attorney's fees, lost income, costs and such other relief as the Court may allow.

### COUNT FOUR – PROMISSORY ESTOPPEL

40. All Seasons hereby incorporates all of the foregoing allegations as if set forth at length herein with respect to All Seasons.

41. ACC clearly and unambiguously promised All Seasons that it would compensate All Seasons for providing the snow and ice removal services.

42. All Seasons reasonably and foreseeably relied upon that promise by ACC to provide compensation for the snow and ice removal services rendered.

43. Nevertheless, ACC failed/and or refused to honor its promise to compensate All Seasons, thereby causing All Seasons to sustain injury.

44. The reasonable value of the snow and ice removal services provided by All Seasons is $85,558.00.

**WHEREFORE**, plaintiff, All Seasons Property Maintenance, LLC, respectfully demands that judgment be entered in its favor and against defendant, ACC International, LLC in the principal amount of $214,701.14 plus interest, reasonable attorney's fees, lost income, costs, and such other relief as the Court may allow.

**FREEMAN MATHIS & GARY, LLP**

By: _____
Nicholas J. Hubner, Esquire
*Attorneys for Plaintiff,*
*All Seasons Property Maintenance, LLC*

Dated: March 21, 2022